IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TRACKTIME, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 18-1518 (MN) |
| | ) | |
| AMAZON.COM, INC., AMAZON.COM LLC, AMZN MOBILE LLC, AMAZON WEB SERVICES, INC., AMAZON DIGITAL SERVICES LLC, and AUDIBLE, INC., | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

At Wilmington this 19th day of June 2019:

As announced at the hearing on June 14, 2019, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (D.I. 14) is GRANTED as to claims 1-20 of U.S. Patent No. 8,856,638 ("the '638 Patent") and claims 1-10 of U.S. Patent No. 8,862,978 ("the '978 Patent").

Defendants' motion to dismiss was fully briefed as of December 21, 2018 (*see* D.I. 15, 17, 18, 19), and the Court received further submissions regarding which Supreme Court or Federal Circuit case each party contends is analogous to the claims at issue in Defendants' motion (*see* D.I. 23, 24; *see also* D.I. 22). The Court carefully reviewed all submissions in connection with Defendants' motion, heard oral argument (*see* D.I. 27) and applied the following legal standard in reaching its decision:

**I.    LEGAL STANDARDS**

   A.    Motion to Dismiss for Failure to State a Claim

In ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all well-pleaded factual allegations in the complaint as true and view them in the light

most favorable to the plaintiff. *See Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010); *see also Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232-33 (3d Cir. 2008). "[A] court need not 'accept as true allegations that contradict matters properly subject to judicial notice or by exhibit,' such as the claims and the patent specification." *Secured Mail Sols. LLC v. Universal Wilde, Inc.*, 873 F.3d 905, 913 (Fed. Cir. 2017) (quoting *Anderson v. Kimberly-Clark Corp.*, 570 F. App'x 927, 931 (Fed. Cir. 2014)). Dismissal under Rule 12(b)(6) is only appropriate if a complaint does not contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "[P]atent eligibility can be determined at the Rule 12(b)(6) stage . . . when there are no factual allegations that, taken as true, prevent resolving the eligibility question as a matter of law." *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121, 1125 (Fed. Cir. 2018).

B.  Patent-Eligible Subject Matter

Section 101 of the Patent Act provides that anyone who "invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof" may obtain a patent. 35 U.S.C. § 101. The Supreme Court has long recognized three exceptions to the broad categories of subject matter eligible for patenting under § 101: laws of nature, physical phenomena, and abstract ideas. *Alice Corp. Pty. v. CLS Bank Int'l*, 573 U.S. 208, 134 S. Ct. 2347, 2354 (2014). These "are 'the basic tools of scientific and technological work' that lie beyond the domain of patent protection." *Ass'n for Molecular Pathology v. Myriad Genetics, Inc.*, 569 U.S. 576, 589 (2013) (quoting *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 566 U.S. 66, 77-78 (2012)); *see also Alice*, 134 S. Ct. at 2354. A claim to any one of these three categories is directed to ineligible subject matter under § 101. "[W]hether

a claim recites patent eligible subject matter is a question of law which may contain underlying facts." *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1368 (Fed. Cir. 2018).

Courts follow a two-step "framework for distinguishing patents that claim laws of nature, natural phenomena, and abstract ideas from those that claim patent-eligible applications of those concepts." *Alice*, 134 S. Ct. at 2355; *see also Mayo*, 566 U.S. at 77-78. First, at step one, the Court determines whether the claims are directed to one of the three patent-ineligible concepts. *Alice*, 134 S. Ct. at 2355. If the claims are not directed to a patent-ineligible concept, "the claims satisfy § 101 and [the Court] need not proceed to the second step." *Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*, 880 F.3d 1356, 1361 (Fed. Cir. 2018). If, however, the Court finds that the claims at issue are directed a patent-ineligible concept, the Court must then, at step two, search for an "inventive concept" – *i.e.*, "an element or combination of elements that is 'sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the [ineligible concept] itself.'" *Alice*, 134 S. Ct. at 2355 (alteration in original) (quoting *Mayo*, 566 U.S. at 72-73).

1. Step One of the *Alice* Framework

At step one of *Alice*, "the claims are considered in their entirety to ascertain whether their character as a whole is directed to excluded subject matter." *Internet Patents Corp. v. Active Network, Inc.*, 790 F.3d 1343, 1346 (Fed. Cir. 2015); *see also Affinity Labs of Texas, LLC v. DIRECTV, LLC*, 838 F.3d 1253, 1257 (Fed. Cir. 2016) (step one looks at the "focus of the claimed advance over the prior art" to determine if the claim's "character as a whole" is to ineligible subject matter). In performing step one of *Alice*, the Court should be careful not to oversimplify the claims or the claimed invention because, at some level, all inventions are based upon or touch on abstract ideas, natural phenomena, or laws of nature. *Alice*, 134 S. Ct. at 2354; *see also McRO, Inc. v.*

*Bandai Namco Games Am. Inc.*, 837 F.3d 1299, 1313 (Fed. Cir. 2016). "At step one, therefore, it is not enough to merely identify a patent-ineligible concept underlying the claim; [courts] must determine whether that patent-ineligible concept is what the claim is 'directed to.'" *Rapid Litig. Mgmt. Ltd. v. CellzDirect, Inc.*, 827 F.3d 1042, 1050 (Fed. Cir. 2016).

2. <u>Step Two of the *Alice* Framework</u>

At step two of *Alice*, in searching for an inventive concept, the Court looks at the claim elements and their combination to determine if they transform the ineligible concept into something "significantly more." *Alice*, 134 S. Ct. at 2355; *see also McRO*, 837 F.3d at 1312. This second step is satisfied when the claim elements "involve more than performance of 'well-understood, routine, [and] conventional activities previously known to the industry.'" *Berkheimer*, 881 F.3d at 1367 (citation and internal quotation marks omitted); *see also Mayo*, 566 U.S. at 73. "The inventive concept inquiry requires more than recognizing that each claim element, by itself, was known in the art. . . . [A]n inventive concept can be found in the non-conventional and non-generic arrangement of known, conventional pieces." *Bascom Glob. Internet Servs., Inc. v. AT&T Mobility LLC*, 827 F.3d 1341, 1350 (Fed. Cir. 2016). Whether claim elements or their combination are well-understood, routine, or conventional to a person of ordinary skill in the art is a question of fact. *Berkheimer*, 881 F.3d at 1368.

At both steps of the *Alice* framework, courts often find it useful "to compare the claims at issue with claims that have been considered in the now considerably large body of decisions applying § 101." *TMI Sols. LLC v. Bath & Body Works Direct, Inc.*, C.A. No. 17-965-LPS-CJB, 2018 WL 4660370, at *5 (D. Del. Sept. 28, 2018) (citing *Amdocs (Israel) Ltd. v. Openet Telecom, Inc.*, 841 F.3d 1288, 1294 (Fed. Cir. 2016)); *see also Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1334 (Fed. Cir. 2016).

## II. THE COURT'S RULING

The ruling to grant Defendants' motion to dismiss (D.I. 14) under Federal Rule of Civil Procedure 12(b)(6) was announced from the bench at the conclusion of the hearing as follows:

> . . . I'm prepared to rule on the pending motions. I will not be issuing written opinions, but I will issue an order that states my ruling.
>
> I want to emphasize before I get into the rulings that while I'm not issuing a written opinion, we have followed a full process for making the decisions that I'm about to state.
>
> There was full briefing on each of the pending motions. There were additional submissions regarding what each party viewed as the most analogous case and there has been extensive oral argument here today. All of the submissions and the arguments have been carefully considered.
>
> Now, as to my rulings, as an initial matter, I am not going to read into the record my understanding of Section 101 law. I have a legal standard that I've included in earlier opinions, including somewhat recently in *Kroy IP Holdings v. Groupon*, Civil Action No. 17-1405. I incorporate that law and adopt it to my ruling today, and I will also set it out in the order that I now will issue.
>
> First as to *TrackTime v. Amazon*, Civil Action No. 18-1518. There are two patents at issue here, United States Patent No. 8,856,638 and 8,862,978, which share the same specification.
>
> The patents generally relate to methods for using a mobile device to synchronize transcript text and multimedia to allow for display of selected multimedia or for index annotation.
>
> Defendants have moved pursuant to Rule 12(b)(6) to dismiss, arguing that the asserted claims which include all of the claims 1 through 20 of the '638 patent and claims 1 through 10 of the '978 patent are directed to patent ineligible subject matter. After reviewing the entire record, hearing argument and applying the law as I understand it, I agree with defendants.
>
> The asserted claims of the two patents are directed to patent ineligible subject matter, and I will grant defendants' motion to dismiss. I understand that that motion is not directed at claims 11 through 17 of the '978 patent and I am not today addressing those claims.

Defendants treat claim 1 of the '638 patent as representative of that patent and similarly treat claim 1 of the '978 patent as illustrative of the asserted claims of that patent.

In its papers, plaintiff argued that defendants have not met the burden of showing the representativeness, but did not articulate any reason for why the claims should not be treated as representative.

Here today, the discussion focused on claim 1 of the '638 patent. Plaintiff asserted that that claim is not representative of the claims of the '978 patent, pointing to elements of the '978 patent, referring to steps relating to facilitating an annotation of the synchronization index.

The test for whether a claim is representative as I understand it is whether the representative claim and the others are substantially similar and linked to the same abstract idea. As discussed below, I have reviewed all of the asserted claims and find that claim 1 of the '638 patent is representative of the asserted claims.

As to step one of *Alice*, defendants assert that claim 1 of the '638 patent is directed to the abstract idea of indexing video files. In its papers, TrackTime argued that the claim is instead directed to a new user interface and a, quote, "specific improvement in user interfaces for mobile devices."

Today, TrackTime added that the claim is directed to using a synchronization index to navigate between text and multimedia on a mobile device. The claim, however, does not claim or describe any improvement to the mobile device technology, or to technology for indexing video or to technology for creating a synchronization index that would make it more applicable to a mobile device. It does not capture an improved mobile device or user interface or any particular structure or means for such improvement. It recites generic steps for performing synchronization on a mobile device. It is directed to the abstract idea of using an index to synchronize text and multimedia. Thus, unlike *Enfish*, *Core Wireless* and *Data Engine*, the claim is not to a specific improvement in the capability or functioning of computers or technology. Instead, when considered as a whole, the claim uses generic computing devices to synchronize text with multimedia like audio or video, but now on a mobile device.

I am mindful that when looking at the claims as a whole, I must consider the purported advance or advances over the prior art.

Here, TrackTime asserts that the shortcomings of the prior art included the lack of transcript management utility for smoothly scrolling synchronized text in media for use on a mobile device, and that is also referenced in the '638 patent at column 1, lines 58 through 62. TrackTime asserts that the claimed invention is an improved user interface that is directed at that problem. TrackTime's argument, however, is essentially an argument that what was admittedly done on computers, use of an index to synchronize and navigate between text and multimedia, is now more easily done on mobile devices. But TrackTime does not claim how that is accomplished or any improvement in technology to allow it, and as another Court in this district has held, "data reformatting for a mobile device, even if captured in the claims, is an abstract idea." And that's *Valmont Industries v. Lindsay Corp.*, No. 15-42-LPS, 2018 WL 5962469 at *8.

The Court finds that all of the asserted claims from both patents are substantially similar and linked to the same abstract idea claimed in claim 1 of the '638 patent. Recitation of executable program code configured to facilitate the annotation of the synchronization index and communicating that annotation in claim 1 of the '978 patent does not change that conclusion, because there is no indication in the specification that the executable program code used is anything more than generic computer software.

Similarly, the dependent claims of both the '638 and the '978 patents simply add generic computer functions, for example, seeking a multimedia file or caching, or they include generic hardware or well-known mobile operating systems.

Moving to step two of *Alice*, defendants argue that there is no inventive concept supplied by the claims because the claim limitations are functional in nature and implemented on generic computer technology. For example, on a mobile computing device using a synchronization index, the touch sensitive input interface, and displaying synchronization indexed on a screen.

TrackTime, on the other hand, asserts that the claims as a whole are novel, which the Federal Circuit has noted in *SAP* and other cases is not the test for patent eligibility. TrackTime also appears to assert that the ordered combination of the claim elements results in an improved user interface for a mobile device. That is, that it improves the functioning of mobile computing devices by enhancing the user's experience and allowing improved multimedia seeking and retrieval.

I find, however, that the claim elements both specifically, both separately and looking at their ordered combination as *Alice* instructs me that I must do, do not supply the requisite inventive concept because they are simply well-known generic computer components functioning in a conventional way and their ordered combination is the only logical order that there can be, and the parties here do not dispute that.

So, for example, the mobile computing device described is a generic computer and the specification, column 18, lines 3 through 29, says that it may be one of many well-known commercial devices.

The synchronization index is an electronic file of many possible formats including a spreadsheet or Microsoft Access database, and may include transcript text and timing values. That's in the '638 patent, column 17, lines 4 through 27.

The executable software code is pretty much any software, that's in the specification at '638 patent at column 20, lines 39 to 42. And the remaining elements are functional limitations of computers performing steps within their ordinary capacity.

And so basically we're taking abstract, an abstract idea and having generic technology applied to it which was the case in the *Alice* and *Mayo* lines of cases. Although TrackTime asserts that there are factual issues as to whether the claims recite more than generic computer components performing generic functions, it does not identify any particular limitations that were not conventional or well known, et cetera.

Furthermore, although TrackTime points to allegations in its complaint, regarding shortcomings in the prior art and how the patents resolved or overcame those shortcomings. Those allegations consist largely of conclusory assertions parroting the language of *Berkheimer* or referring to an accused product.

With respect to the allegations about Amazon products and patents, while I understand that Amazon may have sought patent protection on its products or represented that some aspect of the accused products was novel, the patent eligibility of Amazon's claims is not before me.

Moreover that Amazon may assert that some aspect of its product is innovative does not bear on the eligibility of the claims before me, the ones that Amazon is accused of infringing.

Finally, I will address the cases the parties have submitted as being most analogous. TrackTime cites to *Data Engine Technologies v. Google*, 906 F.3d 999 Federal Circuit 2018. That case involved claims directed to systems and methods of using notebook tabs to assist in navigating complex three-dimensional spreadsheets. I disagree that it is analogous to the claims here. In *Data Engine* the Federal Circuit found that the claims were directed to improving functionality of complicated electronic spreadsheets by using a notebook tabbed interface, a specific structure that was more user friendly and allowed for faster and more convenient navigation of the spreadsheet and thereby avoided the problems of prior art. Those problems included that users had to search for and implement complex commands in order to get to where they wanted to be.

In contrast, the claims here are taking something that was done before by hand, for example an attorney matching up a transcript with a video, or something that was done by larger computers and claiming that process now done on mobile devices, but without any improvement in the functioning of the mobile devices or any recitation in the claims of how any purported improvement is achieved.

Defendants on the other hand cite *Intellectual Ventures v. Erie Indemnity*, 850 F.3d 1315 Federal Circuit 2017. That case involved claims directed to methods and apparatuses for locating information in a computer database using an index. In that case, the Federal Circuit agreed that the claims were directed to the abstract idea of creating an index and using it to search for and retrieve data which was a type of activity long known and performed before computers. And it was simply directed to collecting, classifying and filtering data without any specific method of doing so.

The Federal Circuit found that using XML tags to do searching did not save the claims from being an abstract idea because the claims were not focused on how the tags modified the database to improve its functionality and XML tags did not supply inventive content because they were well-known as admitted in the specification.

Here the Court agrees that the claims at issue in *Erie* and particularly claim 19 are analogous to the claims here. At step 1, the claims of the '638 and '978 patents are directed to methods of using a synchronization index for searching for multimedia based on texts associated with that multimedia, and then retrieving it or allowing for user annotation of the index just like using XML tags in

searching for and retrieving data in *Erie*. Similarly as to step 2 the claims are analogous because many of the limitations are conventional, for example, different commercial mobile devices, synchronization index can be a generic spreadsheet or a Microsoft access database. And many of the limitations are simply routine computer functions such as sending and receiving information to execute the database search.

So as I said, I am granting the motion to dismiss. I understand that there are additional claims of one of the patents that have not been asserted, and I am not addressing those patents, those claims as they are not before me.[1]

_____
The Honorable Maryellen Noreika
United States District Judge

---

[1] At the conclusion of the hearing, Plaintiff requested leave to file an amended complaint to include additional allegations regarding step 2 of *Alice*, and Defendants opposed that request on the grounds of futility. As clarified in the oral order issued after the hearing, the Court has given Plaintiff permission to file a motion for leave to amend its complaint and which attaches its proposed amended complaint. (*See* D.I. 26).