# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TRACKTIME, LLC,<br><br>      Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC.,<br>AMAZON.COM, LLC,<br>AMZN MOBILE LLC,<br>AMAZON WEB SERVICES, INC.,<br>AMAZON DIGITAL SERVICES LLC, and<br>AUDIBLE, INC.,<br><br>      Defendants. | CIVIL ACTION NO. 18-cv-1518 (MN)<br><br>PATENT CASE<br><br>JURY TRIAL DEMANDED |

## PLAINTIFF TRACKTIME, LLC'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

                 Timothy Devlin (# 4241)
                 DEVLIN LAW FIRM LLC
                 1526 Gilpin Avenue
                 Wilmington, Delaware 19806
                 P. 302-449-9010
                 tdevlin@devlinlawfirm.com

                 *COUNSEL FOR PLAINTIFF*
                 *TRACKTIME, LLC*

OF COUNSEL:

| | |
|---|---|
| Timothy E. Grochocinski<br>Joseph P. Oldaker<br>NELSON BUMGARDNER ALBRITTON PC<br>15020 S. Ravinia Ave., Suite 29<br>Orland Park, Illinois 60462<br>P. 708-675-1975<br>tim@nbafirm.com<br>joseph@nbafirm.com | Edward R. Nelson, III<br>NELSON BUMGARDNER ALBRITTON PC<br>3131 W. 7th Street, Suite 300<br>Fort Worth, Texas 76107<br>P. 817-377-9111<br>ed@nbafirm.com |

Dated: July 15, 2019

# **TABLE OF CONTENTS**

|     |     |     | Page |
| --- | --- | --- | --- |
| I.  | NATURE AND STAGE OF THE PROCEEDINGS…………………...……... | | 1 |
| II. | SUMMARY OF ARGUMENT…………………………………………………... | | 1 |
| III. | STATEMENT OF FACTS ...……………………………………………………….. | | 2 |
| IV. | LEGAL STANDARDS…………………………………………………………... | | 3 |
| V.  | ARGUMENT…………………………………………………………………... | | 4 |
|     | A. | Dr. Agrawala's Declaration Establishes that Questions of Fact Exist Under the *Alice* Test …………………………………………………………. | 4 |
|     | B. | Amazon's Statements Establish that Questions of Fact Exist Under Step Two of the *Alice* Test …………………………………………………... | 6 |
|     | C. | Audible's Statements Establish that Questions of Fact Exist Under Step Two of the *Alice* Test …………………………………………………... | 8 |
|     | D. | The Federal Circuit's Recent Decision in *Cellspin* Confirms that TrackTime's FAC is Not Futile ………………………………………….. | 10 |
|     | E. | The Federal Circuit's Decision in *BASCOM* Confirms that TrackTime's FAC is Not Futile …………………………………………………………. | 11 |
| VI. | CONCLUSION ………………………………………………………………... | | 12 |

# TABLE OF AUTHORITIES

**Cases**     **Page(s)**

*Aatrix Software, Inc. v. Green Shades Software, Inc.*,
    882 F.3d 1121 (Fed. Cir. 2018) ……………………………………………... 4, 6

*BASCOM Global Internet Servs. V. AT&T Mobility, LLC,*
    827 F.3d 1341 (Fed. Cir. 2016) ……………………………………………… 11

*Berkheimer v. HP Inc.*,
    881 F.3d 1360 (Fed. Cir. 2018) ……………………………………………... 4, 6, 8, 10, 12

*Butamax Advanced Biofuels LLC v. Gevo, Inc.*,
    No. 11-54-SLR, 2012 WL 2365905 (D. Del. June 21, 2012) ………………. 3

*Cellspin Soft, Inc. v. Fitbit, Inc.*,
    -- F.3d ---, 2019 WL 2588278 (Fed. Cir. June 25, 2019) …………………… 4, 8, 10

*Core Wireless Licensing SARL v. LG Electronics, Inc.*,
    880 F.3d 1356 (Fed. Cir. 2018) ……………………………………………... 2

*Cornell Univ. v. Illumina, Inc.*,
    No. 10-433-LPS-MPT, 2017 WL 89165 (D. Del. Jan. 10, 2017) ………….... 3

*Pressure Products Med. Supplies, Inc. v. Greatbatch Ltd.*,
    599 F.3d 1308 (Fed. Cir. 2010) ……………………………………………... 3

**Statutes**

Fed. R. Civ. P. 15(a) ……………………………………………………………… 3

I. **NATURE AND STAGE OF PROCEEDINGS**

TrackTime, LLC ("TrackTime") filed its Complaint for Patent Infringement against Defendants Amazon.com, Inc., Amazon.com LLC, AMZN Mobile LLC, Amazon Web Services, Inc., Amazon Digital Services LLC, and Audible, Inc. (together, "Defendants") on October 1, 2018, asserting U.S. Patent Nos. 8,856,638 ("the '638 patent") and 8,862,978 ("the '978 patent") (together, "the patents-in-suit").  *See* Complaint (D.I. 1).

On November 30, 2018, Defendants filed a Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(6), contending that the asserted claims 1-20 of the '638 patent and 1-10 of the '978 patent are invalid under 35 U.S.C. § 101.  D.I. 15.  On June 14, 2019, the Court granted Defendants' motion to dismiss (D.I. 28), but granted TrackTime leave to file a motion for leave to file an amended complaint (D.I. 26).  A copy of TrackTime's proposed First Amended Complaint ("FAC") is attached hereto as Exhibit A, including Exhibits 1 through 12 of the FAC.  A redline of TrackTime's proposed FAC as compared to TrackTime's original complaint (D.I. 1) is attached hereto as Exhibit B.

II. **SUMMARY OF THE ARGUMENT**

TrackTime should be granted leave to file its FAC.  The filing of the FAC has not been unduly delayed, would not unfairly prejudice Defendants, is not being brought for some improper purpose, and is not futile.  As such, all four of the factors to be considered by the Court weigh in favor of granting TrackTime's motion.

As explained herein, TrackTime's FAC presents detailed, plausible, and specific factual allegations that the asserted claims are valid and inventive, which is sufficient to defeat a motion to dismiss.  For example, TrackTime's FAC presents detailed opinion testimony from Dr. Maneesh Agrawala, the Forest Baker Professor of Computer Science and Director of the Brown Institute for Media Innovation at Stanford University, evidencing that several aspects of the

asserted claims are inventive and that elements in the asserted claims, both alone and as an ordered combination, were not well-understood, routine, and conventional as of January 2011.  At the pleading stage these specific, detailed, and substantiated opinions by Dr. Agrawala must be accepted as true, which prohibits a finding of ineligibility under step two of the *Alice* test.[1]

In addition, TrackTime's FAC presents additional voluminous evidence of statements by Amazon, Audible, employees of Apple, and other third-party individuals and publications attesting that the combination of elements in the asserted claims was not well-understood, routine, and conventional as of January 2011.

In light of the detailed factual allegations in TrackTime's FAC, granting TrackTime leave to file its FAC would not be futile.  Rather, the detailed factual allegations in TrackTime's FAC make clear that, at a minimum, questions of fact exist under *Alice* step two, prohibiting dismissal of this matter at the pleading stage.   For the reasons stated herein, TrackTime's motion should be granted and TrackTime should be permitted to file its FAC.

### III.    STATEMENT OF FACTS

On November 30, 2018, Defendants filed a Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(6), contending that the asserted claims 1-20 of the '638 patent and 1-10 of the '978 patent

---

[1] While TrackTime does not agree with the Court's finding that the asserted claims are directed to an abstract idea under step one of the *Alice* test, TrackTime's focus in this brief is on step two of the *Alice* test.  With that said, similar to the Federal Circuit's holding in *Core Wireless,* since the asserted claims are directed to an improved user interface for computing devices, they are not directed to an abstract idea.  *See* Exhibit 6 to FAC, Dec. Agrawala ¶¶ 12-13 (hereinafter "Dec. Agrawala"); *Core Wireless Licensing SARL v. LG Electronics, Inc.*, 880 F.3d 1356, 1363 (Fed. Cir. 2018).  In *Core Wireless*, the Federal Circuit found that the claims were not directed to an abstract idea because they represented an improved user interface for electronic devices, particularly those with small screens, to overcome shortcomings in the prior art.  *Id*.  Similarly, the asserted claims in the patents-in-suit claim improved user interfaces that overcome shortcomings in the prior art, particularly those with small screens.  Dec. Agrawala ¶¶ 12-13.  At a minimum, underlying issues of fact exist on this point precluding a finding of ineligibility at the pleading stage where all factual inferences are to be drawn in TrackTime's favor.

are invalid under 35 U.S.C. § 101.  D.I. 15.  On June 14, 2019, the Court granted Defendants' motion to dismiss (D.I. 28), but granted TrackTime leave to file a motion for leave to file an amended complaint (D.I. 26).  As explained herein, TrackTime's FAC contains detailed factual allegations, including detailed opinion testimony by Dr. Agrawala, demonstrating that numerous aspects of the asserted claims are inventive and that elements in the asserted claims, both alone and as an ordered combination, were not well-understood, routine, and conventional as of January 2011.  *See e.g.,* Exhibit 1, ¶¶ 160-307; Dec. Agrawala ¶¶ 7-70.

## IV.     LEGAL STANDARDS

Rule 15(a) of the Federal Rules of Civil Procedure provides that the court "should freely give leave [to amend the pleadings] when justice so requires."  Fed. R. Civ. P. 15(a); *Butamax Advanced Biofuels LLC v. Gevo, Inc.*, No. 11-54-SLR, 2012 WL 2365905, at *2 (D. Del. June 21, 2012).  "The factors to consider in weighing a motion for leave to amend are well-settled: (1) whether the amendment has been unduly delayed; (2) whether the amendment would unfairly prejudice the non-moving party; (3) whether the amendment is brought for some improper purpose; and (4) whether the amendment is futile."  *Id*.  "According to the Federal Circuit, a 'trial court should grant leave to file absent a substantial reason for denial ….'"  *Id*.  (quoting *Pressure Products Med. Supplies, Inc. v. Greatbatch Ltd.,* 599 F.3d 1308, 1319 (Fed. Cir. 2010)).

"[I]n assessing futility of a proposed amendment, the same standard of legal sufficiency as under Rule 12(b)(6) is applied."  *Cornell Univ. v. Illumina, Inc.*, No. 10-433-LPS-MPT, 2017 WL 89165, at *3 (D. Del. Jan. 10, 2017).  "The Court may grant a motion to dismiss only if, after 'accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to the plaintiff, plaintiff is not entitled to relief."  *Id*.

With respect to patent eligibility, and specifically step two of the *Alice* test, "The question of whether a claim element or combination of elements is well-understood, routine and

conventional to a skilled artisan in the relevant field is a question of fact" that must be "proven by clear and convincing evidence." *Berkheimer v. HP, Inc.*, 881 F.3d 1360, 1368 (Fed. Cir. 2018). Plausible and specific factual allegations that aspects of the claim are inventive are sufficient to defeat a motion to dismiss. *Cellspin Soft, Inc. v. Fitbit, Inc.*, -- F.3d ---, 2019 WL 2588278, at * 8 (Fed. Cir. June 25, 2019) (citing *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121, 1128 (Fed. Cir. 2018)). "As long as what makes the claims inventive is recited by the claims, the specification need not expressly list all the reasons why this claimed structure is unconventional." *Id*.

## IV. ARGUMENT

All four factors to be considered in weighing a motion for leave to amend weigh in favor of granting TrackTime's motion. TrackTime's did not unduly delay in bringing the FAC, the FAC would not unfairly prejudice Defendants, and the FAC is not brought for some improper purpose. Further, as explained in detail herein, the filing of the FAC is not futile. Rather, TrackTime's FAC clearly establishes that questions of fact exist under the *Alice* test, prohibiting dismissal of this matter at the pleading stage.

**A.      Dr. Agrawala's Declaration Establishes that Questions of Fact Exist Under the *Alice* Test.**

Dr. Maneesh Agrawala, the Forest Baskett Professor of Computer Science and Director of the Brown Institute for Media Innovation at Stanford University, has provided a declaration in support of TrackTime's FAC. *See* Dec. Agrawala. Dr. Agrawala reviewed the patents-in-suit and provided opinions on the nature of the claimed inventions, the state of the prior art as of the effective filing date of the patents-in-suit, any improvements to the prior art provided by the claimed inventions or disclosed in the specification of the patents-in-suit, and any benefits associated with the claimed inventions. *Id*. at ¶¶ 3, 7-23, 45-70. Dr. Agrawala's opinions and

analysis are informed by his extensive technical background in the technological field of the patents-in-suit and his personal familiarity with the Accused Products. *Id*. at ¶¶ 3-6. For instance, Dr. Agrawala has worked in the areas of Human Computer Interaction and Computer Graphics for 25 years and served as a Professor in these areas since 2005. For the last 10 years, Dr. Agrawala's research has focused on audio-visual analysis and synthesis of speech and video, where his research group has developed a variety of interfaces and techniques for editing audio and video using a time-aligned transcript of the speech. At a minimum, Dr. Agrawala's testimony establishes several questions of fact exist under the *Alice* test.[2]

    Dr. Agrawala provides opinions and supporting factual assertions regarding the nature of the asserted claims of the patents-in-suit, providing an overview of the technical nature of the claims and how they provide specific improvements over prior art systems, resulting in an improved user interface for electronic devices. *Id*. at ¶ 12. In addition, Dr. Agrawala confirms that his analysis is supported by the specification of the patents-in-suit, discussing how the inventions presented in the claims and specification of the patents-in-suit provide many technical solutions to technical problems, and improve the functioning and operation of computers. *Id*. at ¶¶ 13-15, 22, 57-70. This testimony and opinions establish, at a minimum, the existence of fact issues regarding the nature of the asserted claims, the scope and content of the prior art, the technical advantages of the asserted claims, and the problems addressed by the inventions of the patents-in-suit.

    Furthermore, Dr. Agrawala has opined that each of the asserted claims of the patents-in-suit include a combination of elements that was not well-known, routine, and conventional at the

---

[2] Although it is not TrackTime's burden, Dr. Agrawala's testimony goes beyond merely noting the existence of issues of fact. His declaration provides convincing, unrebutted evidence establishing that the asserted claims of the patents-in-suit are patent eligible under any standard.

time of the inventions. *Id*. at ¶¶ 16-23.  Specifically, Dr. Agrawala has opined that each of the independent claims of the '638 patent and independent claim 1 of the '978 patent recite elements that, especially in combination, were not well-known, routine, and conventional at the time of filing of the patent's parent application in January of 2011.  *Id*. at ¶¶ 17-20.  As such, each of the asserted claims of the patents-in-suit bring together numerous unconventional elements and steps previously unknown in the fields of interactive multimedia, transmission / distribution systems, and computing technology.  *Id*. at ¶ 21.  At a minimum, Dr. Agrawala's testimony establishes that there is an issue of fact concerning whether a claim element, combination of elements, or sub-combination of elements of the asserted claims was well-understood, routine and conventional to a skilled artisan in the relevant field at the time of inventions of the patents-in-suit under step 2 of the *Alice* test.  *See Berkheimer*, 881 F.3d at 1368.  This precludes a finding of ineligibility on the current record and TrackTime's amendment is not futile.  *Aatrix Software, Inc*., 882 F.3d at 1128.

**B.     Amazon's Statements Establish that Questions of Fact Exist Under Step Two of the *Alice* Test.**

While the issue of whether Amazon's patents and Audible's patents are directed to patent eligible subject matter is not before the court, sworn factual statements to the USPTO under a duty of candor made in those applications, in those prosecution histories, and in those issued patents are relevant to the issues of novelty, non-obviousness, inventiveness, whether elements are well-understood, routine, and conventional, and whether the subject matter claimed in the asserted patents is patent eligible.

U.S. Patent No. 9,176,658 ("the Amazon '658 patent") to Amazon was filed December 10, 2013 and issued November 3, 2015.  FAC ¶ 216; *see also* Exhibit 7 to FAC, the Amazon '658 patent.  The subject matter claimed is use of an index (lines of lyrics with associated times), on a user interface of a mobile computing device, to navigate audio and text by gesturing on a line of

6

lyrics to "jump" the song to a portion selected by a gesture made on a specific part of the user interface, for example by tapping on a line of lyrics. *Id*. at ¶ 216. This is virtually identical to the claimed subject matter of the asserted '638 patent. *Id*.

Amazon swore, under oath, to the USPTO under a continuing duty of candor that the Amazon '658 Patent contains patentable subject matter and an inventive concept. *Id*. at ¶ 217. Further, The Amazon '658 Patent contains factual statements in the specification, made by Amazon to the USPTO under penalty of perjury, and under a continuing duty of candor, to support the contention that the claimed subject matter met all conditions for patentability under Sections 102, 103, and 112, and patent eligibility under Section 101. *Id*. at ¶ 218. The Amazon '658 Patent specification recites that as of the filing date of December 10, 2013,

> "**Conventional** approaches typically enable the user to scrub or navigate through the media playback by **moving a scrubbing element** (e.g., slider, button, marker, pointer). Moreover, in some cases, text associated with the media can be presented in conjunction with the media playback. In one example, text in a subtitle file can be displayed while a movie is playing. However, **conventional approaches to navigating media content and presenting text associated with the media content can be uninteresting and lacking in interactivity**. This can negatively affect the overall user experience associated with using computing devices to access media content."

*Id*. In other words, Amazon thought that as of December 10, 2013, a problem that existed in the art of mobile computing devices was that "conventional approaches to navigating media content and presenting text associated with the media content" could be characterized as "lacking in interactivity." *Id*. The (much earlier filed) '638 patent identified the same problem in the prior art. *Id*. at ¶ 219; *see also* '638 patent, 10:32-11:36.

The Amazon '658 patent continues with Amazon asserting *as fact*,

> "Systems and methods in accordance with various embodiments of the present disclosure **overcome one or more of the above-referenced and other deficiencies in conventional approaches to presenting media content via a computing device. In particular, various embodiments of the present disclosure can output audio, display text that is synchronized to the audio, and navigate a playback of media content based, in part, on scrolling through and selecting the text**."

7

FAC ¶ 221. The '658 patent goes on to state: "In some embodiments, the user can select targeted lyrics by tapping, touching, and/or otherwise interacting with the targeted lyrics. *Id*. As shown in the example of FIG. 4C, the user can tap 410 on the line 'When the blazing sun is gone,' or the word 'sun's' in order to select the respective line or word. When the line or word is selected, the device 402 can cause the song to (skip to and) play the portion that corresponds to the selected (target) line or word." *Id*. This is a statement of fact Amazon made to the USPTO, in part to convince the USPTO that the claimed subject matter was patent eligible and contained an inventive concept. *Id*. This statement of fact is directly opposite any factual contention that the claimed subject matter of the asserted patents was "well-known, routine, and conventional" as of January 3, 2011. *Id*. *See also* FAC ¶¶ 222-252 (containing additional factual assertions related to statements by Amazon). In sum, Amazon's own statements demonstrate that, at a minimum, factual issues exist under step two of the *Alice* test, which preclude a finding of ineligibility at the pleading stage. *Berkheimer*, 881 F.3d at 1369; *Cellspin*, 2019 WL 2588278, at *8. As such, allowing TrackTime to file its FAC is not futile and TrackTime's motion requesting leave to do the same should be granted.

C.  **Audible's Statements Establish that Questions of Fact Exist Under Step Two of the *Alice* Test.**

Similar to Amazon, statements by Audible in connection with their patents and patent applications are relevant to the issues of novelty, non-obviousness, inventiveness, whether elements are well-understood, routine, and conventional, and whether the subject matter claimed in the asserted patents is patent eligible. FAC ¶¶ 253-284.

For example, U.S. Patent No. 9,472,113 to Audible ("the Audible '113 patent") involves the generation and use of a synchronization index in a "content playback synchronization system." *Id.* at ¶ 254. The specification discloses, "[i]n a specific example, content detection and/or

8

synchronization information may include data that can be used to map a segment of text (for example, a word, line, sentence, etc.) to a timestamp of a corresponding audio recording." *Id.* The specification continues, "for example, content synchronization information can be used to switch back and forth between presenting audio content and textual content (in embodiments where textual content is presented by the synchronization device 104). *Id.* More specifically, in some embodiments, **a computing device may display the text of an electronic book and then switch to playing the audio of an audio book at a corresponding position using the content synchronization information**." *Id.*

The USPTO rejected the Audible '113 patent claims finding that using such a synchronization index was directed to patent ineligible subject matter. *Id.* at ¶ 255. Audible then conducted an oral interview with the patent examiner and then submitted a written response to the office action, arguing **factually and legally** that the generation and use of a synchronization index for synchronous display of text and corresponding media was NOT something that would cause the claim to be patent ineligible under Section 101 and using the two-step test of *Alice*. *Id.*

In response to the USPTO's Section 101 rejection, Audible made factual and legal arguments, under a duty of candor to the USPTO, that "indexing" media and use of a synchronization index in a particular way for a particular result is not an abstract idea that renders a claim patent ineligible. *Id.* at ¶¶ 255-260. Audible argued that synchronizing media content to corresponding text and playing the two together "based at least in part on content synchronization information" was "significantly more" than any abstract idea, and that there was a "non-routine" device claimed, despite the specification saying, "[t]he computing device may include . . . a handheld device (such as a tablet computer, personal digital assistant (PDA), hybrid PDA/mobile phone, mobile phone, smartphone, electronic book reader, or digital media player) . . ." and "may

9

be associated with a number of devices for user input, including, but not limited to . . . touch screens . . ." *Id.* at ¶ 260.

In sum, Audible's positions to the USPTO are directly opposite any factual contention that the claimed subject matter of the asserted patents was "well-known, routine, and conventional" as of January 3, 2011. *Id*. at ¶¶ 253-260; *see also* FAC ¶¶ 261-284 (containing additional factual assertions related to statements by Amazon). Audible's own statements demonstrate that, at a minimum, factual issues exist under step two of the *Alice* test, which preclude a finding of ineligibility at the pleading stage. *Berkheimer*, 881 F.3d at 1369; *Cellspin*, 2019 WL 2588278, at *8. As such, allowing TrackTime to file its FAC is not futile and TrackTime's motion requesting leave to do the same should be granted.[3]

**D.   The Federal Circuit's Recent Decision in *Cellspin* Confirms that TrackTime's FAC is Not Futile.**

In its recent decision in *Cellspin Soft v. Fitbit*, the Federal Circuit held that the district court erred in discounting supported factual allegations in the complaint that the specific ordered combination of elements in the asserted claims was inventive. *Cellspin*, 2019 WL 2588278, at *8. The Federal Circuit went on to hold that in light of the allegations in the complaint, it could not "conclude that the asserted claims lack an inventive concept" or "say that these claimed techniques, among others, were well-known or conventional as a matter of law." *Id.*  In support of this ruling, the Federal Circuit noted that "plausible and specific factual allegations that aspects of the claims are inventive are sufficient." *Id.*[4]

---

[3] In addition, the FAC contains factual allegations concerning additional third-party statements, including those by employees of Apple, further demonstrating that several aspects of the asserted claims are inventive and that elements in the asserted claims, both alone and as an ordered combination, were not well-understood, routine, and conventional as of January 2011.   Exhibit 1, FAC ¶¶ 285-307.

[4] In addition, the Federal Circuit rejected the defendant's argument that "the asserted claims simply 'replaced a USB or similar cable with Bluetooth'" and therefore cannot be inventive. *Id*. at

In the present case, as discussed *supra* in Sections IV.A through IV.B, TrackTime's FAC contains plausible and specific factual allegations that aspects of the claim are inventive. These include allegations in the form of opinion testimony from Dr. Agrawala as well as statements by Amazon, Audible, and third-parties. *Id*. As such, allowing TrackTime to file its FAC is not futile.

E.  **The Federal Circuit's Decision in *BASCOM* Confirms that TrackTime's FAC is Not Futile.**

In *BASCOM Global Internet Servs. V. AT&T Mobility, LLC,* the Federal Circuit held that the claims were directed to filtering content on the Internet, an abstract idea. 827 F.3d 1341, 1348-49 (Fed. Cir. 2016). While the appellant argued that the invention was focused on something narrower, the Court held that "the claims and their specific limitations [did] not readily lend themselves to a step-one finding that they are directed to a nonabstract idea." *Id.* at 1349. Nevertheless, the Court concluded that, although the limitations of the claims, taken individually, recited generic computer, network, and Internet components, the limitations as an ordered combination imparted an inventive concept. *Id.* The Court recognized that "[t]he inventive concept described and claimed … is the installation of a filtering tool at a specific location, remote from the end-users, with customizable filtering features specific to each end user." *Id.* at 1350. This was a "non-conventional and non-generic arrangement of known, conventional pieces" that resulted in a "technical improvement over [the] prior art." *Id.*

Like *BASCOM*, TrackTime's FAC sets forth detailed, and plausible, factual allegations that the combination of elements in the claimed inventions were not well understood, routine, and conventional at the time of invention. Exhibit 1, ¶¶ 160-307. Setting aside that TrackTime bears

---

*9. In support of this holding, the Federal Circuit stated, "even assuming that Bluetooth was conventional at the time of these inventions, implementing a well-known technique with particular devices in a specific combination, like the two-device structure here, can be inventive." *Id.*

11

no burden on this issue because all asserted claims are presumed valid and eligible (*i.e.,* not well understood, routine, and conventional), TrackTime's factual allegations must be accepted as true at the pleading stage.  As the Federal Circuit held in *Berkheimer v. HP*:

> Whether something is well-understood, routine, and conventional to a skilled artisan at the time of the patent is a factual determination.  Whether a particular technology is well-understood, routine, and conventional goes beyond what was simply known in the prior art.  The mere fact that something is disclosed in a piece of prior art, for example, does not mean it was well-understood, routine, and conventional.

881 F.3d at 1369.  As such, allowing TrackTime to file its FAC is not futile and TrackTime's motion requesting leave to do the same should be granted.

## VI.   CONCLUSION

For the foregoing reasons, TrackTime's motion for leave to file its First Amended Complaint should be granted.

| | |
|---|---|
| Dated: July 15, 2019 | */s/ Timothy Devlin*<br>Timothy Devlin (# 4241)<br>DEVLIN LAW FIRM LLC<br>1526 Gilpin Avenue<br>Wilmington, Delaware 19806<br>302-449-9010<br>tdevlin@devlinlawfirm.com<br><br>*COUNSEL FOR PLAINTIFF*<br>*TRACKTIME, LLC* |

OF COUNSEL:

Edward R. Nelson, III
NELSON BUMGARDNER ALBRITTON PC
3131 W. 7th Street, Suite 300
Fort Worth, Texas 76107
P. 817-377-9111
ed@nbafirm.com

Timothy E. Grochocinski
Joseph P. Oldaker
NELSON BUMGARDNER ALBRITTON PC
15020 S. Ravinia Ave., Suite 29
Orland Park, Illinois 60462
P. 708-675-1975
tim@nbafirm.com
joseph@nbafirm.com

## **CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a copy of the foregoing was served on all counsel of record on July 15, 2019 via the Court's CM/ECF system.

*/s/ Timothy Devlin*