## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| TRACKTIME, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:18-CV-01518-MN |
| | ) | |
| AMAZON.COM, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

## [PROPOSED] AGREED PROTECTIVE ORDER

WHEREAS, plaintiff TrackTime, LLC ("TrackTime") and defendants Amazon.com, Inc., Amazon.com LLC, AMZN Mobile LLC, Amazon Web Services, Inc., and Audible, Inc. (collectively "Amazon"), hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, there is a possibility that documents relevant to this proceeding may contain sensitive personal information that is protected under federal, state or foreign data protection laws or regulations, or other privacy obligations;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

Each Party may designate for protection under this Order, in whole or in part, any documents, information or materials that constitute or include, in whole or in part, confidential or proprietary

1

information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material"). Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE" (or substantially similar designations) ("Designated Material"). The designation shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts and natively produced documents) for which such protection is sought. For deposition and hearing transcripts, the designation shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript. For natively produced Protected Material, the designation shall be placed in the filename of each such natively produced document.

1.     With respect to Designated Material,[1] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations. All copies, reproductions, extracts, digests and complete or partial summaries prepared from any Designated Materials shall also be considered Designated Material and treated as such under this Order.

2.     A designation of Protected Material (e.g., "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE

---

[1] The term Designated Material is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE," both individually and collectively.

CODE") may be made at any time. Inadvertent or unintentional production of documents, information or material that should have been Designated Material shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any party that inadvertently or unintentionally produces Protected Material without designating it as Designated Material may request destruction of that Protected Material by notifying the recipient(s) in writing, as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and provide replacement Protected Material that is properly designated within five (5) calendar days of that notice. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials.  For clarity, this provision does not apply to privileged material, which is governed by Paragraph 15.

3.  "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party, upon order of the Court, or as set forth in paragraph 15 herein:

a.  outside counsel of record in this Action[2] for the Parties;

b.  employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

c.  up to two in-house counsel for the Parties who are members in good standing of at least one state bar, province or territory and have responsibility for making decisions dealing directly with the litigation of this Action and their paralegals. Prior to viewing "CONFIDENTIAL" materials, any in-house counsel resident outside the territorial United States shall sign the undertaking attached hereto as Appendix B;

d.  employees of a Party who are assisting in-house counsel with the litigation of this Action.

e.  outside consultants or experts[3] (i.e., not existing employees or affiliates of a Party or an affiliate of a Party) retained for the

---

[2] This "Action" means Case No. 1:18-cv-01518-MN.

[3] For any such person, the curriculum vitae shall identify his/her (i) current employer(s), (ii) each person or entity from whom s/he has received compensation or funding for work in his or her areas of expertise or to whom the s/he has provided professional services, including in connection with a litigation, at any time during the preceding five years; (iii) (by name and number of the case, filing date, and location of court) any litigation in connection with which s/he has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years; and (iv) and an identification of any patents or patent applications in which the technical advisor is identified as an inventor or applicant, is involved in prosecuting or maintaining, or has any pecuniary interest. If such consultant or expert believes any of this information is subject to a confidentiality

3

purpose of this litigation, provided that such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action.[4] Before access is given, the consultant or expert shall complete the undertaking attached as Appendix A hereto and the same shall be served upon any producing Party with a current curriculum vitae of the consultant or expert at least ten (10) days before access to the Protected Material is to be given to that consultant. However, the producing Party may notify the receiving Party in writing that it objects to disclosure of Protected Material to a consultant or expert. The producing Party waives objection to disclosure of its Designated Material by a receiving Party to an identified outside consultant or expert of a receiving Party if the Producing Party provides no written objection within ten (10) days of service by a receiving Party of the Appendix A and current curriculum vitae of the identified outside consultant or expert. Such a waiver shall not preclude a Producing Party from raising an objection at a later time with respect to Protected Material if a party believes in good faith that newly disclosed or discovered information about the expert, had it been known at the time the outside consultant or expert was disclosed, would have warranted such an objection. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the producing Party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The producing Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

f. independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action; and

g. mock jurors; and

h. the Court and its personnel and any mutually-agreed upon mediator or court-appointed mediator who has otherwise signed the undertaking for this Protective Order.

---

obligation to a third-party, then the s/he should provide whatever information can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose Protected Material to the consultant or expert shall be available to meet and confer with the designating Party regarding any such engagement.

[4] For avoidance of doubt, an independent expert or consultant retained (as opposed to employed) by a Party on another litigation would not be precluded under this section.

4.      A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

5.      Documents, information or material produced in this Action, including but not limited to Protected Material designated as Designated Material, and the knowledge of the existence of such Protected Material (i) shall be used by the Parties only in the litigation of this Action or any related appellate proceeding, (ii) shall not be used for any business purpose or any other purpose, such as in connection with any legal or administrative proceeding, including but not limited to any proceeding at the U.S. Patent and Trademark Office (or any similar agency of a foreign government), or directly or indirectly for any other purpose whatsoever and (iii) shall not be disclosed to any person who is not entitled to receive such Protected Material as herein provided. All produced Protected Material shall be carefully maintained so as to preclude access by persons who are not entitled to receive such Protected Material, and any person or entity who obtains access to Designated Material or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such Designated Material or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries or descriptions shall be classified Designated Materials with the same confidentiality designation as the source material, and subject to all of the terms and conditions of this Order.

6.      To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or to the extent such Protected Material includes computer source code[5] and/or live data (that is, data as it exists residing in a database or databases) (individually and

---

[5] "Source code" means computer code that defines or otherwise describes in detail the algorithms or structure of software or hardware designs. Source code includes source code, object code (i.e., computer instructions and data definitions expressed in a form suitable for input to an assembler, compiler, or other translator), microcode, register transfer language ("RTL"), firmware, and hardware description language ("HDL"), as well as any and all programmer notes, annotations, and other comments of any type related thereto and accompanying the code. For avoidance of doubt, this includes, but is not limited to,  source files, make files, intermediate output files, executable files, header files, resource files, library files, module definition files, map files, object files, linker files,

collectively "Source Code Material"), the producing Party may designate such Protected Material as "HIGHLY CONFIDENTIAL SOURCE CODE."

7.      For Protected Material designated HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 4(a-b) and (e-h).

8.      For Source Code Material designated HIGHLY CONFIDENTIAL SOURCE CODE, access to, and disclosure of, such Source Code Material shall be limited to individuals listed in paragraphs 4(a-b) and (e-h), and the following additional restrictions apply:

a.   Access to a Party's Source Code Material shall be provided only on "stand-alone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet). The standalone computer shall be a current vintage, Windows-based laptop or desktop computer having at least 4 gigabytes of memory, shall have a mouse, and a screen with a minimum size of fifteen inches, and shall be connectable to a second screen supplied by the receiving party at the receiving party's option. The stand-alone computer(s) may only be located within the continental United States at the offices of the producing Party's outside counsel or another agreed-upon location.

b.   The stand-alone computer(s) shall have disk encryption and be password protected. Use or possession of any outside electronic input/output device (e.g., USB memory stick, mobile phone, tablet, personal digital assistants (PDAs), Blackberries, Dictaphones, voice recorders, external or portable telephone jack, camera or any camera-enabled device, CD, floppy disk, portable hard drive, laptop, or any device that can access the Internet or any other network or external system, etc.) is prohibited while accessing the computer containing the source code. All persons entering the locked room containing the stand-alone computer(s) must agree to submit to reasonable security measures to ensure they are not carrying any prohibited items before they will be given access to the stand-alone computer(s). The producing Party may periodically "check in" on the activities of the receiving Party's representatives during any stand-alone computer review and may visually monitor the activities of the receiving Party's representatives from outside the room in which the stand-alone computer(s) is located, but only to ensure that no unauthorized electronic records of the Source Code Material and no information concerning the Source Code Material are being created or transmitted in any way. The producing Party must remain at such a distance as to avoid viewing notes or other work product generated by the receiving Party's representatives and at such a

---

browse info files, debug files, and files containing source code in C, C++, BREW, Java ME, J2ME, assembler, digital signal processor (DSP) programming languages, VHDL, Verilog, other HDL formats, and any other human readable text programming languages.

distance to allow representatives of the receiving Party's to carry on a quiet conversation without being overheard by the producing Party. The producing Party may not record (visually, audibly or by other means) the activities of the receiving Party's representatives.

c. Source Code Material will be made available for inspection between the hours of 9:00 a.m. and 5:00 p.m. (in the time zone where the Source Code Material is made available) on business days (*i.e.*, weekdays that are not Federal holidays), although the Parties will be reasonable in accommodating reasonable requests to conduct inspections at other times;

d. A list of names of persons who will review Source Code Material on the stand-alone computer(s) will be provided to the producing Party in conjunction with any written (including email) notice requesting inspection. Prior to the first inspection of any Source Code Material made available by the Producing Party, the receiving Party shall provide five (5) days' notice that it wishes to inspect Source Code Material. The receiving Party shall provide three (3) days' notice prior to any additional inspections. Such notice shall include the names and titles for every individual from the receiving Party who will attend the inspection. The producing Party may maintain a daily log of the names of persons who enter the locked room to view the source code and when they enter and depart. To the extent practical and reasonable, the Parties agree to accommodate requests for inspection on a shorter timeframe, particularly when the needs of the case and case schedule require more immediate access by the receiving Party to the requested Source Code Material. Similarly, the receiving Party shall make good faith efforts to reasonably accommodate scheduling limitations identified by the producing Party;

e. The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s);

f. The producing Party will produce Source Code Material in computer searchable format on the stand-alone computer(s) as described above;

g. Access to any Party's Protected Material designated HIGHLY CONFIDENTIAL SOURCE CODE shall be limited to outside counsel and up to four (4) outside consultants or experts (i.e., not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 4(e) above. A receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, or other Court document (hereinafter, "Source Code Documents") only to the extent necessary, provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders;

h. To the extent portions of Source Code Material are quoted in a Source Code Document, either (1) the entire Source Code Document will be stamped and treated as HIGHLY CONFIDENTIAL SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as HIGHLY CONFIDENTIAL SOURCE CODE. However, for clarity and consistent with paragraph 7, production documents describing how source code operates (for example, architecture documents, program manuals, process flow descriptions, PowerPoint presentations, etc.) may not be stamped as HIGHLY CONFIDENTIAL SOURCE CODE solely for the purpose of limiting access of such documents to persons authorized per section 9(g), such production documents are not themselves considered Source Code Material, and such production documents should be produced and transmitted to receiving parties via the same transmission methods as documents designated CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, and not via paragraph 9(a) of this Protective Order. To the extent any documents (for example, PowerPoints, Word documents, architecture documents, etc.) contain lines of source code, the producing Party may elect to redact only the lines of Source Code in the document and must otherwise produce the document (including any discussion, analysis or commentary of any Source Code) in the normal course of discovery. In the event the producing Party elects to redact Source Code from documents, the non-redacted versions of those documents must be placed on the stand-alone computer for review by the receiving Party. Further, if the receiving Party elects to print such non-redacted source code documents from the stand-alone computer, only pages containing source code will count toward any printing limitations contained herein. Any abuse of this provision to unnecessarily increase the costs of review to the receiving Party, may be considered by the Court in any cost shifting motion. Alternatively, a producing Party may elect to produce the entirety of a document containing lines of Source Code in the normal course of discovery with a designation of "HIGHLY CONFIDENTIAL SOURCE CODE."

i. Except as set forth in this paragraph, no copies of Source Code Material shall be made without prior written consent of the producing Party. The receiving Party may create an electronic copy or image of limited excerpts of Source Code Material only to the extent necessary in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, or any drafts of these documents ("SOURCE CODE DOCUMENTS").[6] The receiving Party shall only include such excerpts as are reasonably necessary for the purposes for which such part of the Source Code is used. Images or copies of Source Code shall not be included in correspondence between the parties (references to production numbers shall be used instead) and shall be omitted from pleadings and other papers except to the extent permitted herein. The receiving party may create an electronic image of a selected portion of the

---

[6] Drafts shall only include those excerpts the receiving Party believes will be included in the final version.

Source Code only when the electronic file containing such image has been encrypted using commercially reasonable encryption software including password protection. Notwithstanding the foregoing, the receiving Party may file under seal printed Source Code with the Court via the ECF system without encryption. The communication and/or disclosure of electronic files containing any portion of Source Code shall at all times be limited to individuals who are authorized to see Source Code under the provisions of this Protective Order. Additionally, all electronic copies must be labeled "HIGHLY CONFIDENTIAL SOURCE CODE." To the extent portions of source code are quoted in a SOURCE CODE DOCUMENT, either (1) the entire document will be stamped and treated as HIGHLY CONFIDENTIAL SOURCE CODE or (2) those pages containing quoted Source Code will be separately bound, and stamped and treated as HIGHLY CONFIDENTIAL SOURCE CODE. No person shall copy, e-mail, transmit, upload, download, print, photograph or otherwise duplicate any portion of the designated "HIGHLY CONFIDENTIAL SOURCE CODE" material, except that the receiving Party may request paper copies ("Source Code Printouts") of limited portions of the Source Code Material, but only if and to the extent reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial. The receiving Party shall be permitted to print 500 pages total from the stand-alone computer (per producing Party). Furthermore, the receiving Party may print up to 50 contiguous pages. The receiving Party will only print material that it believes reasonably necessary to the claims and defenses at issue. If the receiving Party reasonably believes that it is necessary to print more than set forth by these limits, the parties shall meet and confer in good faith to resolve the issue. To ensure the proper pages requested by the receiving Party are printed, the producing Party shall provide the ability for the receiving Party to save relevant files for printing as PDFs (preserving the line numbers and formatting using a program such as Notepad++) to a folder on the source code review computer for printing, or any other similar arrangement agreed to by the parties. The receiving Party shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in paragraph 9(a) in the first instance. Within three (3) business days, the producing Party will mail, or within five (5) business days will deliver, the requested material on watermarked or colored paper bearing Bates numbers and the legend "HIGHLY CONFIDENTIAL SOURCE CODE" unless objected to as discussed below. At the receiving Party's request, up to three (3) additional sets, for a total of four sets of printed Source Code Material may be requested and provided by the producing Party in a timely fashion. Printouts of Source Code Material may be made only by the producing Party, and such printouts must include (1) directory path information and filenames from which the Source Code Material came, and (2) line numbers. For avoidance of doubt, the receiving Party may make copies of Source Code Material for service to the Court to the extent requested or required by Court or chamber rules.

j.  If the receiving Party's outside counsel, consultants, or experts obtain Source Code Printouts, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the Source Code Printouts under their direct control in a secured locked area in the offices of such outside counsel, consultants, or expert. The receiving Party may also temporarily keep the Source Code Printouts at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) if in a secured locked container, any intermediate location reasonably necessary to transport the Source Code Printouts (e.g., a hotel prior to a Court proceeding or deposition); and

k.  A producing Party's Source Code Material may only be delivered by the receiving Party at the direction of a person authorized under paragraph 9(g) above to another person authorized under paragraph 9(g) above, on paper via hand carry. If reasonably necessary, the receiving Party may choose to transport Source Code Material via courier, including Fedex or UPS. If the costs of courier transport become an undue burden, the receiving Party may (after meeting and conferring with the producing Party) apply to the Court asking that the costs of the courier be split with the producing Party. Source Code Material may not be transported or transmitted over a network of any kind, including a LAN, an intranet, or the Internet. Source Code Material may only be transported for the purpose of Court proceeding(s) and filings, expert reports, or deposition(s) or trial, as set forth in paragraph 9(j) above and is at all times subject to the transport restrictions set forth therein.

l.  The producing Party shall install tools that are sufficient for viewing and searching the Source Code Material produced, on the platform produced, if such tools exist and are presently used in the ordinary course of the producing Party's business. The receiving Party's outside counsel and/or experts may request that other mutually agreeable commercially available software tools for viewing and searching Source Code Material be installed on the stand-alone computer, provided, however, that such other software tools are reasonably necessary for the receiving Party to perform its review of the source code consistent with all of the protections herein. The receiving Party must provide the producing Party with the CD, DVD, or drive containing such licensed software tool(s) at least three (3) business days in advance of the date upon which the receiving Party wishes to have the additional software tools available for use on the stand-alone computer. To the extent any requested commercially available software tool(s) can be downloaded from the Internet, the receiving Party will provide the producing Party with a link or URL at least three (3) business days in advance of the date upon which the receiving Party wishes to have the additional software tools available for use on the stand-alone computer.

m.  The receiving Party's outside counsel and/or experts shall be entitled to take notes relating to the Source Code Material but may not copy any portion of the

10

Source Code Material into the notes. No copies of all or any portion of the source code may leave the room in which the source code is inspected except as otherwise provided herein in paragraph 9(i). Further, no other written or electronic record of the source code is permitted except as otherwise provided in paragraph 9(i) herein. No notes shall be made or stored on the inspection computer, or left behind at the site where the inspection computer is made available, and any such notes shall be deleted or destroyed by the producing Party, without reviewing the substance of the notes, upon discovery; and

n. All copies of any portion of the Source Code Printouts in whatever form shall be securely destroyed if they are no longer in use. Copies of Source Code Printouts that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers;

o. For the avoidance of doubt, printing of Source Code shall not be used as a substitute for review of the Source Code in the first instance on the Source Code Computer.

9. Absent obtaining written consent from the designating Party, any attorney representing a Party, whether in-house or outside counsel, and any person associated or affiliated with the Party and permitted to receive the other Party's Protected Material that is designated HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY and/or HIGHLY CONFIDENTIAL SOURCE CODE (collectively "Highly Sensitive Material"), who actually learns of, in whole or in part, the other Party's Highly Sensitive Material directed to technical information relevant to this case, but excluding financial data or non-technical business information under this Order, unless such Highly Sensitive Material becomes publicly disclosed or otherwise known, shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application or patent claims pertaining to the claimed subject matter in United States Patent Nos. 8,856,638 and 8,862,978 and any patent or application claiming priority to the patents asserted in this Action (collectively the "Field of Invention") during the pendency of this Action and for two (2) years after its conclusion, including any appeals. For purposes of this paragraph, "prosecution" includes any activity related to (i) the preparation or prosecution (for any person or entity) of patent applications, including among others reexamination and reissue applications or (ii) directly or indirectly participating, drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims within, for example, original prosecution, reissue, *inter partes* review, post grant review, covered business method review and reexamination proceedings. For the avoidance of doubt, this paragraph does not prohibit any person from challenging a patent in *inter partes* review or other post-grant proceeding nor does it prohibit counsel for a Party from participating in and representing such Party in any *inter partes* review

11

or other post-grant proceeding, provided they do not participate in amending any claims. To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to Highly Sensitive Material and any individuals who, on behalf of the Party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the Field of Invention.

10.     Absent written consent from the designating Party, any individual affiliated with a Party who actually obtains, receives, has access to, or otherwise learns, in whole or in part, any other Party's Highly Sensitive Material and directed to technical information relevant to this case, but excluding financial data or non-technical business information, under this Order, unless such Highly Sensitive Material becomes publicly disclosed or otherwise known, shall not be involved in any activity related to: (i) the acquisition of patents or patent applications relating to the Field of Invention or (ii) advising or counseling clients regarding the same. This Acquisition Bar shall begin when such Highly Sensitive Material is first learned of by the affected individual and shall end two (2) years after the conclusion of this Action, including appeals.

11.     Absent agreement, a Party's Designated Material must be stored and maintained by a receiving Party at a location in the United States and in a secure manner that ensures that access is limited to persons authorized under this Order. Absent agreement, Designated Material may not be exported outside the United States or released to any foreign national (even if within the United States), unless the foreign national (1) is a Green Card holder, (2) working in the United States pursuant to an H-1B visa sponsored by the receiving Party's law firm, or (3) directly employed by the receiving Party's law firm to provide support or legal representation to the firm's clients and who are otherwise unaffiliated with the receiving Party. Should any Designated Material be subject to expert outside of the United States upon agreement of the parties, the receiving party shall comply with such laws and agrees not to knowingly export, re-export or transfer the Designated Material of the producing party without first obtaining all required United States or any other applicable authorizations or licenses.

12.     Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity in this or

12

any other federal, state or other proceeding. Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material. The recipient(s) shall gather and return to the producing Party, or destroy and declare as such, all copies of such documents, information or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.

13.    There shall be no disclosure of any Designated Material by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.  If a Party learns that, by inadvertence or otherwise, it has disclosed Designated Material to any person or in any circumstance not authorized under this Protective Order, the receiving Party must immediately (a) notify in writing the producing Party of the unauthorized disclosures, (b) uses its best efforts to retrieve all unauthorized copies of the Designated Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to complete the Undertaking attached as Appendix A.

14.    Nothing contained herein shall be construed to prejudice any Party's right to use any Designated Material in taking testimony at any deposition or hearing provided that the Designated Material is only disclosed to a person(s) who is: (i) eligible to have access to the Designated Material by virtue of his or her employment with the designating party, including any person designated by the producing Party to testify under Fed. R. Civ. P. 30(b)(6), (ii) identified in the Designated Material as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such Designated Material, has in the ordinary course of business, seen such Designated Material, (iv) court reporters and videographers; (v) the Court; or (vi) other persons entitled hereunder to access to Designated Material. Designated Material shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court. To the extent practical, Parties shall give the other Parties reasonable notice (a minimum of two business days) if they reasonably expect a deposition, hearing or other proceeding to

include Protected Material so that the other Parties can ensure that only authorized individuals are present at those proceedings. Subject to any challenge to a particular designation under paragraph 21, the Parties will not oppose any reasonable request by the designating Party that the courtroom be sealed, if allowed by the Court, during the presentation of any testimony, evidence, or argument relating to or involving the use of any Protected Material.

15.     Notwithstanding paragraph 3, parties may, at the deposition or hearing or within forty five (45 days after a deposition or hearing date, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order. Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.

16.     Any Designated Material that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court. The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

17.     The Order applies to pretrial discovery. Nothing in this Order shall be deemed to prevent the Parties from introducing any Designated Material into evidence at the trial of this Action, or from using any information contained in Designated Material at the trial of this Action, subject to any pretrial order issued by this Court. Subject to any challenges under paragraph 21, the Parties will not oppose any reasonable request by the Producing Party that the courtroom be sealed, if allowed by the Court, during the presentation of any testimony, evidence, or argument relating to or involving the use of any Protected Material.

18.     A Party may request in writing to the other Party that the designation given to any Designated Material be modified or withdrawn. If the designating Party does not agree to redesignation within fourteen (14) days of receipt of the written request, the requesting Party may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the designating Party to show

why its classification is proper. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions. In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met. Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

19.     Each outside consultant or expert to whom Designated Material is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order. A copy of the acknowledgment form is attached as Appendix A. Additionally, the following categories of data, information, or documents need not be disclosed by any party, and are outside the scope of permissible discovery (including deposition questions):

    a.   Any notes or other writings taken or prepared by or for an expert witness in connection with this matter, including correspondence or memos to or from, and notes of conversations with, the expert's assistances and/or clerical or support staff, one or more other expert witnesses or non-testifying expert consultants, or one or more attorneys for the party offering the testimony of such expert witness, unless the expert witness is relying upon those notes or other writings in connection with the expert witness' opinions in this matter;

    b.   Draft reports, draft studies, or draft work papers; preliminary or intermediate calculations, computations, or data runs; or other preliminary, intermediate, or draft materials prepared by, for, or at the direction of an expert witness;

    c.   Any oral or written communication between an expert witness and the expert's assistants and/or clerical or support staff, one or more other expert witnesses or non-testifying expert consultants, or one or more attorneys for the party offering the testimony of such expert witness, unless the expert witness is relying upon the communication in connection with the expert witness' opinions in this matter.

20.     To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contend the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

21.     To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES

ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE" any documents, information or other material, in whole or in part. The Third Parties shall have ten (10) days after production of such documents, information or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in accordance with this Order. Where a Third Party designates any documents, information or other material as provided herein, experts previously disclosed and approved hereunder prior to said Third Party's production of any Protected Material need not be disclosed to said Third Party. Subsequently disclosed experts need not be disclosed to said Third Party before that Third Party's Protected Material may be disclosed thereto.

22.     If a Party is served with a subpoena issued by a court, arbitral, administrative, or legislative body, or with a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL SOURCE CODE" that Party must:

    a.  promptly notify in writing the designating Party. Such notification shall include a copy of the subpoena or court order;

    b.  promptly notify in writing the person who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

    c.  cooperate with respect to all reasonable procedures sought to be pursued by the designating Party whose Protected Material may be affected. If the designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the designating Party's permission. The designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a receiving Party in this action to disobey a lawful directive from another court.

23.     Within forty five (45) days of final termination of this Action, including any appeals, all Designated Material, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding materials which have been admitted into evidence in this Action), shall either be returned to the producing Party or be destroyed. The receiving Party shall

verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request.  Nothing in this Order requires any person to destroy or return any information they are required by law to retain.  Further, nothing in this Order requires a party to alter their backup or archive systems.  Outside Counsel may retain for archival purposes and without redacting any Protected Materials the following: (i) pleadings and attorney/consultant work product filed with the Court or served on another party or (ii) pleadings and attorney/consultant work product that refers to Protected Material but does not contain any copies of Protected Material, unless such Protected Material was also filed or served pursuant to Paragraph 19, above.

24.     The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

25.     Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

26.     Production of Designated Material by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

27.     Nothing in this Order shall be construed to affect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

28.     Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of Designated Material to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of Designated Material.

29.     Nothing in this Order shall restrict any producing Party's disclosure or use of its own Designated Material for any purpose.

30.     Any request to cross-use discovery materials (*i.e.*, use materials produced in this Action in another action involving the Plaintiff and the asserted technology or use materials produced in another action involving the Plaintiff and the asserted technology in this Action) must (a) identify materials sought to be cross-used specifically by production number and (b) permit the non-requesting party at least ten (10) days to object to such cross-use. If cross-use material is used after or near the close of fact discovery, the parties will meet and confer in good faith on the taking of additional discovery, if necessary.

31.     This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control. After conclusion of the above-captioned Actions, the provisions of this Order shall continue to be binding until further order of this Court, and this Court shall retain jurisdiction over the Parties and any other person who has had access to Protected Material pursuant to this Order, in order to enforce the provisions of this Order.

32.     By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

Dated: March 3, 2020

Respectfully stipulated to and submitted by,

/s/ *Timothy Devlin*
Timothy Devlin (No. 4241)
DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, Delaware 19806
302-449-9010
tdevlin@devlinlawfirm.com

*Counsel for Plaintiff*

*Of Counsel for Plaintiff*

Timothy E. Grochocinski
Illinois Bar No. 6295055
tim@nbafirm.com
Joseph P. Oldaker
Illinois Bar No. 6295319
joseph@nbafirm.com
NELSON BUMGARDNER ALBRITTON P.C.
15020 S. Ravinia Avenue, Suite 29
Orland Park, Illinois 60462
708-675-1975

Dated:  March 3, 2020                                 Respectfully submitted,


*Of Counsel:*                                          */s/ Steven J. Balick*_____
                                                       Steven J. Balick (#2114)
J. David Hadden                                        sbalick@ashby-geddes.com
Saina S. Shamilov                                      Andrew C. Mayo (#5207)
Ravi Ranganath                                         amayo@ashby-geddes.com
Geoff Miller                                           ASHBY & GEDDES
FENWICK & WEST LLP                                     500 Delaware Avenue, 8th Floor
801 California Street                                  P.O. Box 1150
Mountain View, California 94041                        Wilmington, Delaware 19899
(650) 988-8500                                         (302) 654-1888

Todd Gregorian                                         Counsel for Defendants
Sapna Mehta                                            AMAZON.COM, INC.,
Earl Mah                                               AMAZON.COM LLC,
FENWICK & WEST LLP                                     AMZN MOBILE LLC,
555 California Street, 12th Floor                      AMAZON WEB SERVICES, INC.,
San Francisco, CA 94104                                AMAZON DIGITAL SERVICES LLC, and
(415) 875-2300                                         AUDIBLE, INC.



        IT IS SO ORDERED this _____ day of _____, 2020.


                                   _____
                                   Hon. Maryellen Noreika
                                   United States District Judge

**APPENDIX A**

(Undertaking for Experts/Consultants)

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| TRACKTIME, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:18-CV-01518-MN |
| | ) | |
| AMAZON.COM, INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |

I, _____, declare that:

1. My address is _____.

2. My current employer is _____.

3. My current occupation is _____.

4. I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

5. I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action or any related appellate proceeding any information designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE" that is disclosed to me.

6. Promptly upon termination of these actions, I will destroy or return all documents and things designated as   "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

7. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:_____        Signature _____

**APPENDIX B**

(Undertaking for In-house Counsel)

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| TRACKTIME, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:18-CV-01518-MN |
| | ) | |
| AMAZON.COM, INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

I, _____, declare that:

1. My address is _____.

2. My current employer is _____.

3. My current occupation is _____.

4. I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

5. I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action or any related appellate proceeding any information designated as "CONFIDENTIAL" that is disclosed to me.

6. Promptly upon termination of these actions, I will destroy or return all documents and things designated as  "CONFIDENTIAL" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

7. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.


I declare under penalty of perjury that the foregoing is true and correct.


Dated:_____        Signature _____