IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TRACKTIME, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 18-1518 (MN) |
| | ) |
| AMAZON.COM, INC., AMAZON.COM LLC, AMZN MOBILE LLC, AMAZON WEB SERVICES, INC., AMAZON DIGITAL SERVICES LLC, and AUDIBLE, INC., | ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

**ORDER**

At Wilmington, this 30th day of June 2023, for the reasons set forth on the record during the June 30, 2023 motion hearing, IT IS HEREBY ORDERED that:

1. Plaintiff TrackTime, LLC's Motion for Partial Summary Judgment on Patent-Eligibility (D.I. 193) and Defendants' Motion for Summary Judgment of Invalidity Under 35 U.S.C. § 101 (D.I. 184) are DENIED.  The Court found there to be a genuine issue of material fact at step 2 for the patent eligibility of the asserted claims of the '638 patent.

2. Plaintiff TrackTime, LLC's Motion for Partial Summary Judgment on Non-Prior Art Status of the Master '431 Patent (D.I. 191) is DENIED.[1]

3. Plaintiff TrackTime, LLC's *Daubert* Motion to Exclude in Part the Opinion Testimony of Dr. Macartney and Dr. Schonfeld (D.I. 195) is GRANTED-IN-PART and DENIED-

---

[1]   The Court ordered the parties to rank the grounds for summary judgment raised in their various motions.  (D.I. 249).  Consistent with that Order, once the Court denied summary judgment as to Plaintiff's first ranked ground, the Court did not address the other ground raised by Plaintiff.

IN-PART. Plaintiff's Motion is GRANTED to the extent that Dr. Schonfeld may not testify to the conception date of the Master '491 patent and DENIED in all other respects.[2]

4.     Defendants' Motion to Preclude Testimony of TrackTime's Expert Dr. Hernandez-Mondragon (D.I. 188) is GRANTED-IN-PART and DENIED-IN-PART. Defendants' Motion is GRANTED to the extent that Dr. Hernandez may not opine on the credibility of Mr. Chamberlain. In addition, the motion is GRANTED to the extent that claim charts, infringement contentions, and other materials included in interrogatory responses as well as the opinions in the declaration of another expert, which were not prepared by Dr. Hernandez, but purport to be incorporated in their entirety into Dr. Hernandez's expert report, are stricken (*see, e.g.*, D.I. 190, Ex. 2 ¶ 6; Ex. 3 ¶ 310). Dr. Hernandez may not use those materials cursorily incorporated by reference to support his opinions but may testify regarding the other opinions and analyses provided. The Motion is DENIED in all other respects,[3] with the exception that the Court reserved ruling on whether and to what extent Dr. Hernandez's testimony regarding issues of judicial estoppel may be permitted.

*[signature: Maryellen Noreika]*
The Honorable Maryellen Noreika
United States District Judge

---

[2]   Plaintiff may raise the issue of Dr. Macartney's use of post-negotiation data in his analysis at trial to the extent appropriate.

[3]   Defendants may raise the issue of Dr. Hernandez's expertise as it relates to his "Technology Benefit Comparison" at trial.