IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TRACKTIME, LLC, | ) |
| Plaintiff, | ) |
| | ) |
| | ) Civil Action No. 1:18-CV-01518-MN |
| v. | ) |
| | ) |
| AMAZON.COM SERVICES LLC, | ) |
| AND AUDIBLE, INC. | ) |
| Defendants. | ) |

**TRACKTIME'S TRIAL BRIEF ON CONCEPTION CORROBORATION**

**An inventor's corroborating sketch does not need to explicitly show every limitation of the future patent claims that are finalized through patent prosecution years later.** *See Edison v. Foote*, 1871 C.D. 80, 81 (Comm'r Pat. 1871) ("Invention is not the work of the hands, but of the brain. The man that first conceived the complete idea by representing it on paper, or by clear and undisputed oral explanation, is the first inventor . . . . The sketch need not be a 'working drawing.' The conception may be complete, while further investigation, and perhaps experiment, may be necessary in order to embody the idea in a useful physical form."); *Bio-Rad Labs., Inc. v. ITC*, 996 F.3d 1302, 1318 (Fed. Cir. 2021) (quoting *FilmTec Corp. v Hydranautics*, 982 F.2d 1546, 1548 (Fed. Cir. 1992)) ("We noted that the inventor, continuing to work on the invention after the agreement ended, added certain 'narrow performance limitations in the claims.' But we treated the performance limitations as not adding anything of inventive significance because they were mere 'refine[ments]' to the invention already conceived during the term of the agreement.") (internal citations omitted); *Singh v. Brake*, 222 F.3d 1362, 1367 (Fed. Cir. 2000) (holding that the oral testimony of a putative inventor can suffice to prove conception when evidence corroborates the oral testimony).

1

**The rule of reason applies to permit an inventor to corroborate testimony through sketches, documents, and other extrinsic information for the purpose of verifying that the inventor is telling the truth.** *See Singh v. Brake*, 222 F.3d 1362, 1367 (Fed. Cir. 2000) (quoting *Price v. Symsek*, 988 F.2d 1187, 1195 (Fed. Cir. 1993)) ("[W]hether a putative inventor's testimony has been sufficiently corroborated is determined by a 'rule of reason' analysis, in which 'an evaluation of all pertinent evidence must be made so that a sound determination of the credibility of the inventor's story may be reached.'"); *Kridl v. McCormick*, 105 F.3d 1446, 1450 (Fed. Cir. 1997) (quoting *Berry v. Webb*, 412 F.2d 261, 266, 56 C.C.P.A. 1272 (C.C.P.A. 1969)) ("[T]here is no final single formula that must be followed in proving corroboration."); *Burroughs Wellcome Co. v. Barr Labs., Inc.*, 40 F.3d 1223, 1228 (Fed. Cir. 1994) ("[T]he inventor must prove his conception by corroborating evidence, preferably by showing a contemporaneous disclosure."); *Bearbox LLC v. Lancium LLC*, No. 21-534-GBW, 2023 U.S. Dist. LEXIS 36554, *81 (D. Del. 2023) (quoting *Ethicon, Inc. v. U.S. Surgical Corp.*, 135 F.3d 1456,1464 (Fed. Cir. 1998)) ("Ultimately, the Court evaluates the sufficiency of the corroborating evidence under a 'rule of reason' analysis, which requires evaluating all pertinent evidence so that a sound determination of credibility of the alleged inventor's story may be reached.").

**In such cases, the evidence of conception is the inventor's testimony.** *See E.I. du Pont de Nemours & Co. v. Unifrax I LLC*, 921 F.3d 1060, 1076 (Fed. Cir. 2019) (quoting *NFC Tech., LLC v. Matal*, 871 F.3d 1367, 1372 (Fed. Cir. 2017)) ("An inventor's testimony on conception can be corroborated through several pieces of evidence, even though no one piece of evidence independently proves conception, and even circumstantial evidence, so long as the evidence supports that the 'inventor's story is credible.'"); *Univ. of Pittsburgh of the Commonwealth Sys. of Higher Educ. v. Hedrick*, 573 F.3d 1290, 1298 (Fed Cir. 2009) ("An inventor need not know that

his invention will work for conception to be complete. He need only show that he had the complete mental picture and could describe it with particularity.") (internal citations omitted); *Martek Biosciences Corp. v. Nutrinova, Inc.*, 579 F.3d 1363, 1374 (Fed. Cir. 2009) (quoting *Sandt Tech., Ltd. v. Resco Metal & Plastics Corp.*, 264 F.3d 1344, 1350 (Fed. Cir. 2001)) ("When determining whether an alleged inventor's testimony is sufficiently corroborated, we apply a rule-of-reason analysis and consider all pertinent evidence."); *Cassidian Communs., Inc. v. Microdata GIS, Inc.*, No. 2:12-cv-00162-JRG, 2014 U.S. Dist. LEXIS 110133, *22 (E.D. Tex. 2014) (citing *Singh v. Brake*, 222 F.3d 1362, 1367 (Fed. Cir. 2000) ("An inventor's own testimony regarding the date he had the complete idea must be corroborated. In assessing corroboration of oral testimony, courts apply a rule of reason analysis.") (internal citations omitted).

**The corroboration serves the purpose of merely verifying that the inventor is telling the truth.** *See Kridl v. McCormick*, 105 F.3d 1446, 1450 (Fed. Cir. 1997 ("the purpose of corroboration . . . is to prevent fraud, by providing independent confirmation of the inventor's testimony."); *Hahn v. Wong*, 892 F.2d. 1028, 1033 (Fed. Cir. 1989) (same); *Berry v. Webb*, 412 F.2d 261, 267 (C.C.P.A. 1969) (same); *REG Synthetic Fuels, LLC v. Neste Oil Oyj*, 841 F.3d 954, 962 (Fed. Cir. 2016) (quoting *Coleman v. Dines*, 754 F.2d 353, 359 (Fed. Cir. 1985) ("[C]orroborating evidence . . . shows that the inventor disclosed to others his 'completed thought expressed in such clear terms as to enable those skilled in the art' to make the invention."); *Price v. Symsek*, 988 F.2d 1187 (Fed. Cir. 1993) ("While evidence as to what the drawing would mean to one of skill in the art may assist the board in evaluating the drawing, the content of [the sketch] does not itself require corroboration."); *Martek Biosciences Corp. v. Nutrinova, Inc.*, 579 F.3d 1363, 1374 (Fed. Cir. 2009) (quoting *Medichem, S.A. v. Rolabo, S.L.*, 437 F.3d 1157, 1170 (Fed. Cir. 2006)) ("The purpose of this corroboration requirement is to prevent fraud, namely to 'provide

3

[] an additional safeguard against courts being deceived by inventors who may be tempted to mischaracterize the events of the past through their testimony.'").

**Under the rule of reason, the corroborating evidence does not need to support every fact relevant to the invention.** *See Price v. Symsek*, 988 F.2d 1187, 1196 (Fed. Cir. 1993) ("[A]n inventor can conceivably prove prior conception by clear and convincing evidence although no one piece of evidence in and of itself establishes the prior conception. It is sufficient if the picture painted by all of the evidence taken collectively gives the board 'an abiding conviction' that Price's assertion of prior conception is 'highly probable.'"); *Univ. of Pittsburgh of the Commonwealth Sys. of Higher Educ. v. Hedrick*, 573 F.3d 1290, 1298 (Fed. Cir. 2009) ("Such corroborating evidence is taken as a whole; conception of an entire invention need not be reflected in a single source."); *United Servs. Auto. Ass'n v. PNC Bank N.A.*, No. 2:20-CV-00319-JRG-RSP, 2022 U.S. Dist. LEXIS 72575, *8 (E.D. Tex. 2022) (citing *E.I. du Pont de Nemours & Co. v. Unifrax I LLC*, 921 F.3d 1060, 1077 (Fed. Cir. 2019)) ("The only requirement is that the evidence supports the credibility of the inventor's testimony."); *Ohio Willow Wood Co. v. Alps S., LLC*, 735 F.3d 1333, 1348 (Fed. Cir. 2013) ("Corroboration does not require that every detail of the testimony be independently and conclusively supported by explicit disclosures in the pre-critical date documents or physical exhibits."); *cf. Linear Tech. Corp. v. Impala Linear Corp.*, 379 F.3d 1311, 1329 (Fed. Cir. 2004) (finding no error when the fact-finder failed to discuss a document created many years after alleged invention); *Plexxikon Inc. v. Novartis Pharms. Corp.*, 631 F. Supp. 3d 823, 837 (N.D. Cali. 2022) (quoting *E.I. du Pont de Nemours & Co. v. Unifrax I LLC*, 921 F.3d 1060, 1077 (Fed. Cir. 2019)) ("As the Federal Circuit has explained the 'case law does not require that evidence have a source independent of the inventors on every aspect of conception and reduction to practice.'"); *Allied-Signal, Inc. v. Allegheny Ludlum Corp.*, No. N-88-CV-199, 1993 U.S. Dist.

4

LEXIS 11220, *23 (D. Conn. 1993) (citing *Coleman v. Dines*, 754 F.2d 353, 360 (Fed. Cir. 1985)) ("There are no clear-cut rules for determining whether an inventor has provided enough corroborating evidence of conception. Instead, the courts have suggested that factfinders weigh corroborating evidence according to a 'rule of reason.'"); *Linear Tech. Corp v. Impala Linear Corp*, No. C-98-1727, 2001 U.S. Dist. LEXIS 25905, *81–82 (N.D. Cali. 2001) (quoting *Ethicon, Inc. v United States Surgical Corp.*, 135 F.3d 1456, 1464 (Fed. Cir. 1998)) ("'[T]here need not be corroboration for every factual issue contested by the parties' and 'an inventor can conceivably prove prior conception by clear and convincing evidence although no one piece of evidence in and of itself establishes the prior conception.'").

Dated: September 18, 2023

        Respectfully submitted,

        */s/ Tracy Pearson*
        Tracy L. Pearson (#5652)
        DUNLAP BENNETT & LUDWIG
        1509 Gilpin Avenue, Suite 2
        Wilmington, DE 19806
        (302) 468-7340
        tpearson@dbllawyers.com

        Robert Greenspoon
        William Flachsbart
        Mark Magas
        DUNLAP BENNETT & LUDWIG
        333 N. Michigan Ave, #2700
        Chicago, IL 60601
        rgreenspoon@dbllawyers.com
        wflachsbart@dbllawyers.com
        mmagas@dbllawyers.com

        *COUNSEL FOR PLAINTIFF TRACKTIME LLC*